United States District Court
Eastern District of New York                                  1:17-cv-07599

Shatequa Leguette, individually and on behalf of all others similarly situated,

                            Plaintiff,

              - against -                                    Complaint

Schwan's Company, Schwan's Food Service, Inc., Schwan's Consumer Brands, Inc., SFC Global Supply Chain, Inc.,

                            Defendants

Plaintiff ("plaintiff") individually and on behalf of all others similarly situated, by attorneys, alleges upon information and belief, except for those allegations pertaining to plaintiff, which are based on personal knowledge:

    1.    Schwan's Company ("Schwan's" or "defendant Schwan") is a consumer-packaged goods company which operates in part through its subsidiaries Schwan's Consumer Brands, Inc. ("SCB" or "defendant SCB"), Schwan's Food Service, Inc. ("SFS" or "defendant SFS") and SFC Global Supply Chain, Inc. ("SFC" or "defendant SFC").

    2.    Schwan's manufactures and distributes the Mrs. Smith's brand of frozen desserts which include (1) Original Flaky Crust Pies, (2) Cobblers and (3) Pie Crusts, which are sold to consumers from brick-and-mortar stores and online by third-parties.

    3.    The relevant product line to this action is the Original Flaky Crust Pies, available in the following varieties: Apple, Dutch Apple, Pumpkin, Cherry, Peach, Very Berry and Sweet Potato

    4.    Though a pie is composed of multiple elements, it is not a stretch to say that the pie crust is that which is most appreciated by consumers.

1

5. The Products' name emphasizes their crust through the product name of "Original Flaky Crust" immediately above the claim, "Made With Real Butter" as indicated in the below image, which is similar or identical to the other products and differs only with respect to the filling ingredients.

Front Label



6. The front label representations state

- "Original Flaky Crust Made with Real Butter"
- "No Artificial Sweeteners, Dyes or Flavors"
- "No High Fructose Corn Syrup"

7. Pie crusts are typically comprised of four main ingredients: flour, fat, salt, and water.

8. The most important of these are the fats, because they impact the overall flavor, texture and color of the crust.

9. In the realm of baking, "shortening" originally referred to naturally occurring solid fats, such as lard and butter, contributed a "short" (or tenderizing) quality by preventing the cohesion of the flour gluten during mixing and baking.

10. In the early 20th century, the role of shortening began to be filled by solid, hydrogenated vegetable oils (i.e., Crisco or "vegetable shortening").

11. Shortenings contribute to pie production in several ways:

- impart shortness, or richness and tenderness to improve flavor and eating characteristics
- provide lubricity and tenderness without seriously affecting the water-absorbing properties of the flour
- promote desirable grain and texture qualities, such as flakiness in crusts
- provide structure for fillings

12. The representations are intended to appeal to consumers' appreciation for butter.

13. Reasonable consumers are familiar with the use of butter for baking purposes, due to its contribution to flakiness of pie crust, characteristic "buttery" flavor (caused by

3

reaction flavor compounds such as lactones that are generated from fatty acids during baking) and the desirable mouthfeel it imparts.

14. Moreover, domestic butter consumption has increased over the past several years as consumers seek natural, non-synthetic products characterized by simple ingredients and produced in a way which eschews additives, chemicals and preservatives.

15. Butter is made through churning of cow's milk until the naturally present fat bind together to form butter (or "butterfat").

16. When consumers see the word "butter" they expect there won't be artificial ingredients to the extent there would be if butter was not prominently represented – in other words, it provides a "halo" to the products.

17. Vegetable shortening and margarine are the antithesis of butter, as they are made by converting the liquid vegetable oils into a solid product through hydrogenation, fractionation and interesterification, in the presence of chemical and enzymatic catalysts.

18. The Product's name of "Original Flaky Crust" is immediately above the front label claim "Made with Real Butter" which gives the impression that either butter is the sole shortening ingredient or at least the predominant shortening ingredient.

19. The front label does not represent that the crust is "butter flavored."

20. Butter is identified on the ingredient as part of the ingredient "Shortening Butter Blend (Palm Oil, Butter [Cream, Salt])."

Information Panel



21.     "Shortening Butter Blend" is not a common or usual name of an ingredient which has as its predominant component solidified, 100% fat vegetable (palm) oil.

22.     Consumers expect that where they see an ingredient designated "Shortening," it will be preceded by "Animal" or "Vegetable" since these two adjectives are used to modify the term shortening, depending on whether the fats which comprise the shortening are derived from animal (butterfat, lard) or vegetable (palm oil, soybean oil) sources.

23.     The presence of butter means the shortening contains animal fats, in the form of "milk fat" (butterfat).

24. At all times, defendants have consistently used a shortening ingredient which is composed of consistent amounts of butter and palm oil as opposed to having used varying mixtures of these two sub-ingredients.

25. Because the composition of the "shortening butter blend" is primarily vegetable oils, it is false and misleading to describe the shortening ingredient as a "butter blend."

26. This is because the word "butter" when modifying "blend" gives the impression that butter is predominant in the shortening, when in fact, it is present in smaller amounts than otherwise represented.

27. By using a term which is uninformative and ambiguous, a reasonable consumer cannot decipher the origins of the shortening ingredients used in the product.

28. The representation of butter in the product is further misleading because the other components of the shortening are equivalent to the opposite of butter in that they are vegetable shortening.

29. Moreover, because the shortening ingredient already contains butter, butter's presence in the pie crust will be further removed from if it were directly added as a discrete and separate ingredient.

30. This owes to the mixing of the shortening butter blend ingredient with the flour to create the pie crust dough – no butter is directly added to the flour, reducing the effect of butter on the final product.

31. As a result, the impact of butter on the final product does not comport with consumer expectations for such a product – flakiness of crust, aroma, taste, texture – which prominently represents to contains "real butter."

32. It is misleading to even represent the products as containing butter because butter is not directly added to the products.

33. Defendants' website presents numerous fresh sticks of butter in an old-fashioned pan, but omits images of palm oil shortening, even though the palm oil solids constitute the majority of the shortening ingredient in the products.

34. Consumers who are drawn to a product which highlight the presence of "real butter" would not have done so if they were also told that the shortening ingredients did not contain other natural, animal fats (i.e., lard) but instead was primarily vegetable shortening, an artificial product.

35. No reasonable consumer would seek and purchase a product which claims "Made with Real Butter" if they were aware that the shortening ingredient therein was predominantly vegetable oils (palm oil).

36. This is because consumers' increased desire for butter and other similarly less processed products is intentional to avoid synthetic and processed foods such as vegetable oil shortenings

37. Even if plaintiff and reasonable consumers expected that the product would not solely consist of shortening derived from animal fats, it is not conceivable that the majority of the shortening ingredient used would be primarily fats derived from palm oil.

38. Consumers are able to purchase similar products which have animal fats as the main source of the shortening ingredients.

39. Defendants' claims that the Products are without artificial sweeteners, dyes or flavors are false and misleading to consumers.

40. The above-referenced representations and omissions are material facts to

reasonable consumers.

41. Excluding tax, the products cost approximately between $2.99 and $4.99, a premium price compared to other similar frozen dessert products.

## Jurisdiction and Venue

42. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

43. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

44. This Court has personal jurisdiction over defendants because they conduct and transact business, contract to supply and supply goods within New York.

45. Venue is proper because plaintiff and many class members reside in this District and defendants have been doing business in this District and in New York.

46. A substantial part of events and omissions giving rise to the claims occurred in this District.

47. The class is all consumers in all states who purchased any Products bearing any of the actionable representations herein during the statutes of limitation periods.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

49. The class is so numerous that joinder of all members, even if permitted, is impracticable, as plaintiff believes there are hundreds of thousands of members.

50. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff and class members are entitled to damages.

51. Plaintiff's claims and the basis for relief are typical to other members' owing

to all being subjected to the same representations.

52. Plaintiff is an adequate representative because his interests do not conflict with other class members.

53. No individual inquiry is necessary since the focus is only on defendants' practices and the class is definable and ascertainable.

54. Individual actions risk inconsistent results, would be repetitive and are impractical to justify, as the claims are modest.

55. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

56. Plaintiff seeks class-wide injunctive relief because the practices continue, with the injunctive class maintained as a class action because it meets the same criteria as the non-injunctive class.

## Parties

57. Plaintiff is a citizen of Queens County, New York.

58. Schwan's Company and SFC Global Supply Chain, Inc., are corporations formed under the laws of Minnesota.

59. Schwan's Consumer Brands, Inc. and Schwan's Food Service, Inc., are corporations formed under the laws of Georgia and authorized to do business in New York.

60. SFC Global Supply Chain, Inc., Schwan's Consumer Brands, Inc. and Schwan's Food Service, Inc. are wholly-owned subsidiaries of Schwan's.

61. In 2017, plaintiff purchased a Mrs. Smith's Original Flaky Crust Apple Pie for personal consumption, for no less than $4.99, excluding tax, at a grocery store in this District.

62. Plaintiff bought this product because prior to purchase, she saw and relied upon its principal display panel which represented the product was "Made With Real Butter," contained "No Artificial Sweeteners, Dyes or Flavors" and "No High Fructose Corn Syrup."

63. Based on the collective representations, Plaintiff received the impressions that (1) the product contained a significant, non-trivial amount of butter, (2) butter was the primary shortening ingredient in the production of the crust, (3) other shortening ingredients used were naturally derived animal fats, (4) the crust did not consist primarily of artificial or synthetic ingredients such as palm oil shortening and that (5) the product did not contain artificial sweeteners, dyes or flavors.

64. Plaintiff purchased these Products because she intended to consume products which possessed the attributes and features described herein and opted against buying less expensive products not so represented.

Violations of New York General Business Law §§ 349 & 350

65. Plaintiff repeats and realleges all allegations in foregoing paragraphs.

66. Defendants' acts and practices, advertising, labeling, packaging and representations are not unique to the parties and have a broader impact on the public.

67. It is deceptive to represent a product's main feature (crust) as being composed of a favorable ingredient (butter) where that feature is predominantly made from ingredients consumers find unfavorable (vegetable shortenings).

68. Defendants offer partial, voluntary disclosures and fail to state additional or qualifying matter with respect to what they did say.

69. Though certain of Defendants representations may be literally true so far as they go, they are nonetheless misleading.

70. Defendants' representations of the Products as being "Made with REAL Butter" are false and misleading.

71. This is because no reasonable consumer would expect a product touting the presence of "real butter" either not to contain the specific ingredients which are essentially the opposite of butter, *viz*, vegetable shortening.

72. The above-referenced representations and omissions on the labeling and packaging were material facts that are deceptive, misleading and false advertising which plaintiff and class members relied on, paying more than they would have and not receiving all that they bargained for.

<u>Breach of Express Warranty and Implied Warranty of Merchantability</u>

73. Plaintiff repeats and realleges all allegations in foregoing paragraphs.

74. Defendants' statements on the front label that the products were made with real butter did not conform to the actual composition of the products.

75. Defendants' representations of the products as containing butter was contrary to the actual products, which contained a *de minimis* amount of butter and which did not even have butter added directly to the flour used in creating the dough for the crust.

76. The Products do not conform to the affirmations of fact and promises on the Products and the accompanying literature, wholly due to defendants' actions.

77. As a result, the products lacked those attributed which plaintiff and reasonable consumers have come to expect from such products where butter is a significant or predominant portion of the shortening used.

78. Defendants intended for plaintiff and consumers to rely on its claims that the Products contained butter and that the crust was predominantly butter by affording these

claims prominence of place.

79. Plaintiff and class members so relied upon these claims, sustaining injury through paying more than they would have absent such claims, entitling them to damages.

### Unjust Enrichment

80. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

81. Defendants obtained benefits and monies because the Products were not as represented, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of such inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, plaintiff, on behalf of himself and all others similarly situated, prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct their practices to comply with the law;

3. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law claims and GBL §§ 349, 350;

4. Awarding plaintiff and class members costs and expenses incurred, including reasonable allowance of fees for plaintiff's attorneys and experts; and

5. Such other and further relief as the Court deems just and proper.

Dated: December 31, 2017

Respectfully submitted,

        Levin-Epstein & Associates, P.C.

        By: /s/Joshua Levin-Epstein
        Joshua Levin-Epstein
        1 Penn Plaza, Suite 2527
        New York, NY 10119
        Tel: (212) 792-0046
        Fax: (212) 563-7108
        joshua@levinepstein.com

        Sheehan & Associates, P.C.

        By:/s/ Spencer Sheehan
        Spencer Sheehan
        891 Northern Blvd., Suite 201
        Great Neck, NY 11021
        Tel: (516) 303-0552
        Fax: (516) 234-7800
        spencer@spencersheehan.com

1:17-cv-07599
United States District Court
Eastern District of New York

Shatequa Leguette, individually on behalf of herself and all others similarly situated,

               Plaintiff,

   - against -

Schwan's Company, Schwan's Food Service, Inc.,
Schwan's Consumer Brands, Inc., SFC Global Supply Chain, Inc.,

               Defendants

# Complaint

Levin-Epstein & Associates, P.C.
1 Penn Plaza
Suite 2527
New York, NY 10119
Tel: (212) 792-0046
Fax: (212) 563-7108
joshua@levinepstein.com

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  December 31, 2017
         New York, New York

                                           /s/ Joshua Levin-Epstein
                                           Joshua Levin-Epstein