IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILE DIVISION

JOANNE MILLER,
individually and on behalf of all
others similarly situated,

    Plaintiff,

vs.

                      CASE NO. 3:19-cv-00501-TJC-JBT

SCHWAN'S COMPANY; SCHWAN'S
CONSUMER BRANDS, INC.; SCHWAN'S
FOOD SERVICE, INC.; and SFC GLOBAL
SUPPLY CHAIN, INC.

    Defendants.
_____/

## JOINT NOTICE AND CASE MANAGEMENT REPORT

Plaintiff Joanne Miller ("Plaintiff" or "Miller") and defendants Schwan's Company, Schwan's Consumer Brands, Inc., Schwan's Food Service, Inc., and SFC Global Supply Chain, Inc. ("Defendants" or "Schwan's"), hereby submit their Joint Notice and Case Management Report as ordered by the Court (Dkt. 58). Counsel for the parties have met and conferred by telephone on May 29 and June 5, 2019.

Brief Procedural History

The predecessor case from which this case was transferred, *Leguette v. Schwan's Co.*, was filed in the U.S. District Court for the Eastern District of New York on December 31, 2017 (Dkt. 1). The representative plaintiff in the original *Leguette* case is a New York resident, and the Complaint pled a New York class and a national class, alleging violations of New York statutory and common law relating to the crusts of Schwan's Mrs. Smith's® pies. On May 18, 2018, Schwan's moved to dismiss this case on a variety of grounds, including federal

preemption, the implausibility of its core theory of consumer deception under New York's deceptive-practices laws, and the inapplicability and/or inadequate pleading of various New York common-law theories (Dkt. 14). The Court, on May 24, requested limited discovery on the merits of certain of Leguette's allegations, and converted the motion to one for summary judgment (Dkt. 16).

On June 7, Plaintiffs amended their Complaint to add representative plaintiff Joanne Miller and to plead a Florida class and violations of the Florida Deceptive and Unfair Trade Practices Act and common law. The FAC included additional allegations regarding the fruit fillings and added a product line (Mrs. Smith's cobblers) alleged to contain the relevant representations, to the Complaint (Dkt. 17). The Court indicated that it intended to continue to treat any motion to dismiss the Amended Complaint as one for summary judgment (Dkt. 20), and Schwan's made such a motion on Oct. 3, 2018 (Dkt. 30).

The Court held an evidentiary hearing on the dispositive motion on January 30, 2019, with the New York representative plaintiff present. At the outset, the Court ruled that, because of differences in the relevant states' laws with respect to the requirements of class certification, (1) the nationwide class was dismissed and (2) the Florida class would be severed and transferred to the Middle District of Florida (Dkt. 38, Order dated Feb. 6, 2019). The Court focused on the specific claims of Leguette's main theory of deception with reference to the New York consumer protection laws, and how the differences of the consumer protection laws of other States would be an obstacle to the certification of a multi-state class.

It therefore denied the motion for summary judgment pending further evidence, or, as the Court expressed it at the hearing, held the motion "in abeyance" (Transcript of Hearing, Jan. 30, 2019, at 26:9-14, Exhibit 1 hereto). To preserve its right to move to dismiss the severed Florida

claims, Schwan's filed an Answer to the Amended Complaint, answering the New York allegations only, given that the nationwide class claims had been dismissed and the Florida claims severed (Dkt. 46 at 1 n.1). The New York case has continued, and is now in discovery.

At the direction of the Court, Plaintiffs submitted a Second Amended Complaint naming only representative plaintiff Joanne Miller, alleging violations of the FDUTPA and Florida common law, and pleading both Florida and nationwide classes (Dkt. 42-2). The Court directed that the Florida complaint be revised to delete the nationwide class allegations and plead a Florida class only (Dkt. 47), and plaintiff Miller duly filed an Amended Complaint on April 30, 2019 (Dkt. 48). This is the Amended Complaint that was transferred to this Court on May 2, 2019 (Dkts. 50, 51). Pursuant to an extension granted by this Court, Schwan's has until June 14, 2019, to respond to the Amended Complaint (Dkt. 63).

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))** | June 14, 2019 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | Already filed. |
| **Disclosure of Expert Reports**<br>Plaintiff:<br>Defendant: | Plaintiff: February 1, 2020<br><br>Defendant: March 1, 2020 |

| **DEADLINE OR EVENT** | **AGREED DATE** |
|---|---|
| **Discovery Deadline** [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | May 1, 2020 |
| **Dispositive and Daubert Motions** [Court requires 4 months or more before trial term begins] | June 1, 2020 |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived).  Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month.  If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | November 2020 |
| **Estimated Length of Trial**  [trial days] | 5 days |
| **Jury / Non-Jury** | Jury |
| **Mediation** Deadline: Mediator: Address: Telephone: [Mediation is mandatory in most Track Two cases; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation.  A list of certified mediators is available on the Court's website and from the Clerk's Office.] | May 15, 2020 |
| **All Parties Consent to Proceed Before Magistrate Judge** If yes, the parties shall complete and all counsel and/or unrepresented parties shall execute the attached Form AO-85. | Yes____     No_X__ |

I. **Meeting of Parties**

Lead counsel shall meet in person or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.)  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), meetings were held on May 30, 2019 at 6:46 p.m. and on June 5, 2019, at 2:18 p.m., and were attended by:

| <u>Name</u> | <u>Counsel for (if applicable)</u> |
|---|---|
| <u>August T. Horvath</u> | <u>Defendants</u> |
| <u>Spencer Sheehan</u> | <u>Plaintiff</u> |

II. **Preliminary Pretrial Conference**

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:**  Parties (check one) [ __ ] request  [ _X_ ] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include: _____

_____

III. **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties (check one) [ __ ] have exchanged [ _X_ ] agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by <u>June 14, 2019</u> (date).

IV. **Agreed Discovery Plan for Plaintiffs and Defendants**

    A.    **Certificate of Interested Persons and Corporate Disclosure Statement**

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal.  Therefore, each party, governmental party,

intervenor, non-party movant, and Rule 69 garnishee shall file and serve within **fourteen (14) days** from that party's first appearance a Certificate of Interested Persons and Corporate Disclosure Statement using the attached mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  <u>Any party who has not already filed and served the required certificate is required to do so **immediately**</u>.  Each party has a continuing obligation to file and serve an amended  Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer.  A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

      B.      **Discovery Plan/Deadline**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  Parties should exchange discovery in the most efficient way, which usually means electronically.  In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook, available on the Court's website: www.flmd.uscourts.gov/forms/Civil/2015-Civil_Procedure_Handbook.pdf.  Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline or those that fail to comply with the meet

and confer requirements contained in Local Rule 3.01(g). The Court notes that the words "confer" and "good faith" contemplate the parties will exchange thoughts and arguments to try to resolve an issue and will not simply engage in a unilateral noticing that a motion will be filed. In addition to agreeing to comply with the above, the parties agree as follows: _____

_____

C.      **Confidentiality Agreements/Motions to File Under Seal**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential." The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:   The parties previously field a Protective Order in this case prior to transfer. They have agreed to review and amend this order as necessary to protect any confidential information that is exchanged in this case, and to file such amended order in this case.

**D.     Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed.R.Civ.P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:  The parties have agreed to abide by current based practices for the exchange of electronically stored information and to meet and confer as necessary to resolve any issues that may arise.

**V.     Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at www.flmd.uscourts.gov.  If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

**VI.     Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral):

None.

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties

Dated:  June 7, 2019

| By Attorneys for Plaintiff | By Attorneys for Defendants |
|---|---|
| /s/ Spencer I. Sheehan<br>**Spencer I. Sheehan, Esq.**<br>Sheehan & Associates, P.C.<br>Email: spencer@spencersheehan.com<br>505 Northern Boulevard - Suite 311<br>Great Neck, NY 11021<br>Telephone: (561) 303-0552 | /s/ August Horvath<br>FOLEY HOAG LLP<br>**AUGUST HORVATH, ESQ.**<br>New York State Bar No. 2833234<br>*Admitted pro hac vice*<br>Email: ahorvath@foleyhoag.com<br>1301 Avenue of the Americas, 25th floor |

| | |
|---|---|
| - and –<br><br> /s/ *Joshua D. Levin*<br>**Joshua D. Levin-Epstein, Esq.**<br>Levin-Epstein & Associates, P.C.<br>Email: joshua@levinepstein.com<br>One Penn Plaza - Suite 2527<br>New York, NY 10119<br>Telephone: (212) 792-0046<br><br>- and -<br><br> /s/ *Michael J. Duggar*<br>**Michael J. Duggar, Esq.**<br>Michael J. Duggar, PA<br>Email: litig8tr59@gmail.com<br>PO Box 192<br>Christmas, FL 32709-0192<br>Telephone: (321) 251-7766 | New York, NY 10019<br>Telephone: (646) 927-5544<br><br>- and -<br><br> /s/ *Michele Leo Hintson*<br>SHUMAKER, LOOP & KENDRICK, LLP<br>**MICHELE LEO HINTSON, ESQ.**<br>Florida Bar No. 604941<br>Primary Email: mhintson@shumaker.com<br>Secondary Email: kgrotz@shumaker.com<br>**THOMAS F. McDONNELL, JR., ESQ.**<br>Florida Bar No. 113349<br>Primary Email: tmcdonnell@shumaker.com<br>Secondary Email: dmazzarella@shumaker.com<br>101 East Kennedy Blvd., Suite 2800<br>Tampa, Florida 33602<br>Telephone:  (813) 229-7600<br>Facsimile: (813) 229-1660 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

 /s/ *Michele Leo Hintson*
ATTORNEY