# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| JOANNE MILLER, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 3:19-cv-00501-TJC-JBT |
| vs. | |
| SCHWAN'S COMPANY; SCHWAN'S CONSUMER BRANDS, INC.; SCHWAN'S FOOD SERVICE INC.; and SFC GLOBAL SUPPLY CHAIN, INC. | |
| Defendants. | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION TO AMEND/CORRECT AMENDED COMPLAINT

COMES NOW, Defendant, Schwan's Consumer Brands, Inc., by and through its undersigned counsel, and files this Opposition to Plaintiff's Motion to Amend/Correct its Amended Complaint (Dkt. 73), stating the following in support:

## INTRODUCTION AND BASIS FOR RELIEF

This case was transferred to this District after District Judge Weinstein, of the U.S. District Court for the Eastern District of New York, ruled that: (1) Plaintiff Miller did not have standing to pursue her claim, nor to represent the claims of purported Florida class members, in a New York District Court, and (2) the national consumer class pled by Plaintiff could not be maintained because of differences in the state consumer protection statutes and common laws under which the case was brought. Dkt. 38. The Court ordered Plaintiff to submit an amended complaint (styled Second Amended Complaint, already the third complaint in that proceeding)

"on behalf of a proposed class of Florida consumers … based on Florida law" which the Court would then sever and transfer to Florida. *Id.* In response, Plaintiff submitted a complaint that, contrary to the Court's instruction, pled a national consumer class as well as a Florida class. Dkt. 42-2. As a result, the Court ordered Plaintiff to file "an amended complaint dealing with the proposed Florida claims only, complying with the court's 2/14/2019 order." Dkt. 47. Finally, Plaintiff submitted a complaint alleging Florida claims only, which was transferred to this Court. Dkt. 48.

Defendant Schwan's timely moved to dismiss the Amended Complaint. Dkt. 69. In response, Plaintiff moved to amend its complaint yet again. Dkt. 73. The principal changes in the proposed amended complaint are (1) to reinstate the national class allegations of the Second Amended Complaint that Judge Weinstein ruled improper and contrary to its order; (2) to introduce ten new named plaintiffs, in nine different states, and plead sub-classes in each of those states; and (3) to revise the Amended Complaint's substantive legal theory of consumer deception, challenging new marketing elements, and alleging new theories of deception with respect to marketing statements already challenged. Dkt. 73-1.

Schwan's opposes Plaintiff's motion to amend because Plaintiff's proposed amendments are improper and the opportunity to further amend is unwarranted given the history of this case. Specifically:

- Plaintiff's proposed Amended Complaint is contrary to the two court orders that transferred this case inasmuch as it alleges a national class that was previously dismissed on solid legal grounds, and adds multiple state sub-classes, which will have the same effect; and

- Plaintiff is now asking to revise her legal theory for the third time since the original filing of the predecessor action, with no good cause shown as to why she should be permitted to continue treating her Complaint as a work in progress.

For these reasons, Schwan's respectfully requests that the Court deny Plaintiff's motion to amend.

## BACKGROUND

This case originated as *Leguette v. Schwan's Co.*, No. 1:17-cv-07599-JBW (E.D.N.Y.), originally filed December 31, 2017. The original Complaint featured a single named plaintiff, New York resident Shatequa Leguette, pled only a national class, related to one Schwan's product line (Mrs. Smith's® pies), and stated one theory of liability (that "made with real butter" was false as to the pie crust because allegedly the amount of butter is trivial). Dkt. 1. The Complaint was first amended June 7, 2018. The First Amended Complaint (1) added named plaintiff Joanne Miller; (2) added New York and Florida sub-classes; (3) added an entire new Schwan's product line, Mrs. Smith's® cobblers; (4) introduced a new theory of liability, relating to the alleged presence of undisclosed artificial flavors in the pie and cobbler fillings; and (5) added allegations to the original theory of liability. Dkt. 17. Schwan's filed a motion to dismiss, which the Court converted *sua sponte* to a partial motion for summary judgment in order to consider evidence relating to the crust and filling recipes.

The parties attended an evidentiary hearing on Schwan's motion before Judge Weinstein on January 30, 2019, although Plaintiff Miller did not appear. At the hearing, Judge Weinstein ruled that neither Shatequa Leguette nor Joanne Miller was an adequate plaintiff to represent a national class. The Court further ruled:

> [I]n any event, in view of the differences in law, I'm not sure that it's an adequate representation that I can deal with, when I know from other cases, you'll find that the law is different in many of the states.

June 30, 2019 Hr'g Trans. 21:13-17, attached hereto as **Exhibit 1**. Judge Weinstein ruled,

> Well, I'm going to dismiss the representation of the United States by this one plaintiff [Leguette]. She simply can't do it. She's a local lady

3

>from Queens – *and neither can the representative from Florida represent all those in the other 48 states*.

*Id.* 22:23-23:2 (emphasis added).  The Court then ordered:

>I'll issue an order, as follows: **The case is dismissed as a class action representing consumers throughout the United States, except in New York and Florida.**  As to Florida representation, plaintiff, if he wishes to go forward with the Florida aspect of the case, will provide a separate set of papers for the Florida case, inform the Court that it's here and I will direct the court clerk to send it to – to transfer the case, as so narrow[ed], to Florida.  So that leaves us with only the New York case, right?

*Id.* 24:22-25:6 (emphasis added).  The court then proceeded to consider summary judgment as to the substantive aspects of plaintiff Leguette's New York cause of action under New York law.

Judge Weinstein subsequently issued a reasoned and legally supported decision and order dismissing the national class.  Judge Weinstein held that the Plaintiffs, Shatequa Leguette and Joanne Miller, are inadequate to represent a national class because '[s]ince several of their claims sound in fraud, a nationwide class action would require application of the laws of at least fifty jurisdictions." Dkt. 38 at 2, citing *Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228, 235 (S.D.N.Y. 2002); *Kurtz v. Kimberly-Clark Corp.*, 320 F.R.D. 104, 107 (E.D.N.Y. 2017). The order also directed Plaintiff to file a complaint on behalf of its proposed Florida class, which the Court would then sever and transfer to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). *Id.* at 2-3.

Plaintiff initially filed its Florida complaint for transfer in response to the order, styled Second Amended Complaint, as an exhibit to its Motion to Sever and Transfer on April 14, 2019. Dkt. 42, 42-2.  Contrary to the Court's order, this complaint still pled a putative national class, exclusive of New York.  Dkt. 42-2 ¶ 92.  The Court responded by ordering Plaintiff to file an amended complaint complying with the Court's previous order. Dkt. 47.  Plaintiffs then filed the current Amended Complaint, alleging only Florida causes of action with a single

4

representative plaintiff, omitting the national class that had been explicitly ordered by the Court. Dkt. 48. Plaintiff now seeks leave to amend its complaint.  Plaintiff's proposed amendment does three things.

First, Plaintiff improperly and without basis seeks to restore the national class allegation that Plaintiff was ordered, on two occasions, to delete from the Amended Complaint transferred to this district.  Dkt. 73-1 ¶ 76.

Second, Plaintiff introduces ten additional proposed representative plaintiffs from nine additional states, asserting causes of action under eleven additional state consumer protections statutes, as well as common-law causes of action.  *Id.* ¶¶ 75-87.  A total of eleven state sub-classes are now alleged in addition to a national class.  *Id.*  No connection with this forum is alleged between the injuries purportedly suffered by these plaintiffs or classes in the ten states other than Florida.  Schwan's is admittedly incorporated in Georgia and its principal place of business in Minnesota.  *Id.* ¶ 88.

Third, Plaintiff made significant changes to her legal theory.  The new proposed "Amended Complaint" contains a much greater focus on alleged technical violations of the FDA's rules of construction for the required ingredient statement.  *Id.* ¶¶ 29-42.  For the first time, Plaintiff alleges that the "presence of mono and diglycerides diminishes the effect of butter in [the] products." *Id.* ¶¶ 43-47.  Plaintiff also now alleges that the visual depiction of two "pats" of butter implies the presence of a tablespoon of butter per serving.  *Id.* ¶¶ 55-57.  Plaintiff also raises completely new factual allegations as it relates to Schwan's allegedly deceptive conduct. In addition to the claims surrounding "made with real butter," Plaintiff also challenges, for the first time, Schwan's marketing claim that its fillings are "made with real fruit." Plaintiff's theory is that "real fruit" is interpreted by consumers as meaning "fresh fruit," and therefore if fruit has

5

been dried or frozen at any point during the preparation of the product, it is not "real fruit." ¶¶ 59-64. This replaces Plaintiff's prior theory that some food acid or acidulant is added to the pie and cobbler fillings as an "artificial flavor," but not disclosed in the ingredient statement, which has been deleted from the proposed "Amended Complaint." Dkt. 48 ¶¶ 62-86.

## ARGUMENT

### I. Plaintiff Is Not Entitled to Amend the Complaint as of Right

Plaintiff's proposed amended complaint would be the fourth complaint filed in this action. *See* Dkts. 1, 17, 48. The Amended Complaint transferred to this Court had already been amended to add additional product lines, to challenge additional marketing claims and labeling elements, to add and augment legal theories, and to add the Florida Plaintiff and Florida law claims that ultimately caused the Miller action to be spun off into this District.

Plaintiff concedes that, when the parties conferred regarding Schwan's intended motion to dismiss the Amended Complaint, Plaintiff took the position that the current Amended Complaint (Dkt. 48) is not the initial complaint filed in this action and raised doubt as to what she erroneously calls Schwan's right to "move for dismissal a second time." Dkt. 73 ¶ 11. At Plaintiff's insistence, the parties proceeded under the assumption that the docket transferred from the Eastern District of New York is adopted by this Court as the docket for this case. *See* Dkt. 68 (Joint Case Management Report) at 1-3.

Contrary to Plaintiff's assertion in her motion, Schwan's has not taken the position that Plaintiff's Amended Complaint (Dkt. 48) should be treated as if it were the first Complaint ever filed in this matter. Plaintiff is incorrect in arguing that if Schwan's motion to dismiss was procedurally proper, then Plaintiff must be able to further amend its complaint as of right. *Id.* ¶ 12. The defendant always has the right to move under Rule 12(b)(6) to dismiss those

6

allegations of an amended complaint that have neither been ruled upon in a previous motion nor answered by the defendant. In this case, none of Plaintiff Miller's Florida claims, to which Schwan's Motion to Dismiss was addressed, was ever ruled upon by Judge Weinstein in New York, and Schwan's never filed an answer to any of Plaintiff's Florida Claims.

As recounted above, at the hearing on January 30, 2019, and in its subsequent Order dated February 6, the Court did the following, in this order:

(1) Dismissed Plaintiff's nationwide class claims.

(2) Severed Miller's Florida claims for transfer to this District.

(3) Ruled upon Leguette's New York claims.

Dkt. 38; Dkt. 39. Miller's Florida claims thus were not ruled upon, other than to determine that they were inappropriate for adjudication in the Eastern District of New York.

On April 26, 2019, while the severing and transfer of the Florida portion of this case was in progress, Schwan's filed an Answer to those parts of the case (i.e., the New York claims) on which Judge Weinstein had ruled on February 6. Dkt. 46. In its Answer, Schwan's stated:

> Schwan's makes no response to the allegations contained in the FAC as they relate to any claim asserted by Plaintiff Joanne Miller individually or on behalf of others similarly situated, including but not limited to Paragraphs 92 and 103, because all allegations set forth by Joanne Miller have been severed from this action.

*Id.* at 1, n.1.

Because Judge Weinstein explicitly severed Joanne Miller's claims before ruling on the remaining New York causes of action in the *Leguette* case, Schwan's retained its right to move against those claims at a later time, before a court that would assert jurisdiction over them. Schwan's could, and did, move against all causes of action alleged by Miller under Florida law on June 14, 2019 (Dkt. 69) without making a "second motion to dismiss" on any claims previously ruled upon in the New York action.

Notwithstanding the foregoing, Schwan's might have consented to Plaintiff's motion to further amend its Amended Complaint if the amendments addressed pleading and factual deficiencies raised in Schwan's motion to dismiss, or further supported its theories of liability. But Plaintiff's amendments are an attempt to expand this case dramatically, both substantively and geographically, and should be ruled improper, not only procedurally, but also in the interests of equity and of judicial efficiency.

## II.   Judge Weinstein's Decision that this Action Should Be a Florida-Only Class Action should be Followed

Judge Weinstein, in severing and transferring this case, directed that this case be a Florida-only class action, and rebuked Plaintiff's attempt to port her nationwide class allegations, which had been dismissed in New York, to Florida through this case. Schwan's recognizes that Judge Weinstein's clear intention that this action be maintained as a Florida-only class action is not binding on this Court. Judge Weinstein's decision, however, rests on a solid legal footing, which Schwan's urges this Court to follow. His decision is supported by *Lewis Tree Service Inc. v. Lucent Technologies Inc.,* 211 F.R.D. 228 (S.D.N.Y. 2002) and *Kurtz v. Kimberly-Clark Corporation*, 320 F.R.D. 104 (E.D.N.Y. 2017). In *Lewis*, the court denied the plaintiff's motion for certification of a nationwide class action on the basis that, *inter alia*, the fraud claim alone would "require the application of the law of fifty states to the claims of the class members, and because the tort of fraud differs meaningfully from one jurisdiction to the next, the application of some uniform substantive law is impossible." 211 F.R.D. at 233. In *Kurtz*, the court denied a motion for certification of a nationwide class because the underlying claim took place in New York and the named plaintiff had not demonstrated a financial or other capacity to adequately conduct discovery beyond New York and represent a nationwide class. 320 F.R.D. at 107.

Similar to the New York courts, courts of this Circuit have denied nationwide class certification when the causes of action implicated the law of multiple jurisdictions, making the case unmanageable. For example, in *Klay v. Humana, Inc.*, the Eleventh Circuit reversed certification of a national class as to the state law breach of contract claims and unjust enrichment claims, which were mainly individual claims, but affirmed class certification for claims of federal conspiracy and racketeering. 382 F.3d 1241, 1246 (11th Cir. 2004). In *Teggerdine v. Speedway, LLC*, this court denied certification of a national class because the plaintiff failed to analyze the law of negligence in the various states and "managing the proposed class based on various iterations of the law [] among twenty-one states is self evident." No. 8:16-cv-03280-T-27TGW, 2018 U.S. Dist. LEXIS 91043, at *15-16 (M.D. Fla. May 31, 2018); *see also Britt Green Trucking, Inc. v. FedEx Nat'l, LTL, Inc.*, No. 8:09-cv-445-T-33TBM, 2013 U.S. Dist. LEXIS 163073, at *22 (M.D. Fla. Nov. 15, 2013) (finding adjudication of Plaintiffs' claims on a class-wide basis would be consumed by individual factual inquiries and individual application of the pertinent substantive law).

For the reasons articulated by Judge Weinstein and under the case law of this District and Circuit, Plaintiff should not be permitted to amend the Amended Complaint to add nationwide class allegations.

### III. The Addition of Further Plaintiffs and State Sub-Classes Is Improper

The proposed addition of new out-of-state plaintiffs pursuing claims under other states' laws, for injuries unrelated to this forum, raises the same issues as the proposed nationwide class. *See Sacred Heart Health Sys. v. Humana Military Healthcare Servs.,* 601 F.3d 1159, 1180 (11th Cir. 2010) ("Although there is no categorical bar to class treatment where the law of multiple states will apply, courts have expressed some skepticism of such treatment, particularly in substantive areas where the content of state law tends to differ."); *Perez v. Metabolife Int'l, Inc.*,

218 F.R.D. 262, 267 (S.D. Fla. 2003) (dismissing motion for class certification "particularly because this case requires many individualized determinations"). Each plaintiff here asserts claims under a state consumer protection statute materially different from the Florida Deceptive and Unfair Trade Practices Act, as well as common-law causes of action under state negligent misrepresentation, breach of warranty, fraud, and unjust enrichment doctrines, all of which differ materially from state to state. There is no judicial economy in this Court adjudicating claims under more than 40 different out-of-state laws when neither Schwan's nor the injuries asserted by the out-of-state plaintiffs have any connection to this forum.

The particular named plaintiffs proposed to be added to this case present a further concern. Plaintiff's counsel, which has filed approximately 50 purported class actions alleging misleading labeling on food and beverage products within the past three years, has recently added, or proposed to add, most of the proposed new named plaintiffs to one or more of its other cases concerning other food products. These plaintiffs, or other persons who appear to be closely related to them, are named in the following other cases in which they are also represented by the same counsel as in this case:

- Kristen Ruiz of Yamhill County, Oregon:

    1. *Liou v. Nestle Dreyer's Ice Cream Co.*, No. 1:19-cv-05762-DLC (E.D.N.Y.) (Dkt. 1, complaint, June 20, 2019);

    2. *Sibrian v. Cento Fine Foods, Inc.*, 2:19-cv-00974 (E.D.N.Y.) (Dkt.14, amended complaint, July 5, 2019).

- Paula Leblanc of Middlesex County, Massachusetts:

    1. *Liou v. Nestle Dreyer's Ice Cream Co.*, No. 1:19-cv-05762-DLC (E.D.N.Y.), (Dkt. 1, complaint, June 20, 2019);

    2. *Harris v. Mondelez Global LLC*, 1:19-cv-2249-ERK (E.D.N.Y.), (Dkt. 6, amended complaint, June 14, 2019);

- Paula Wiley of Bernalillo County, New Mexico:

    3. *Sarr v. BEF Foods, Inc.*, No. 1:18-cv-06409 (E.D.N.Y.) (Dkt. 10, amended complaint of June 29, 2019);

    4. *Dalton v. Mott's LLP*, No. 1:19-cv-02960-CBA-ST (E.D.N.Y.) (Dkt.1, complaint, May 19, 2019).

- Paula Wiley of Bernalillo County, New Mexico:

    1. *Kennedy v. Mondelez Global LLC*, 1:19-cv-00302 (E.D.N.Y.) (Dkt.14, amended complaint, July 3, 2019);

    and appears related to Charles Wiley of Bernalillo County, New Mexico, who has appeared in:

    2. *Liou v. Nestle Dreyer's Ice Cream Co.*, No. 1:19-cv-05762-DLC (E.D.N.Y.), (Dkt. 1, complaint, June 20, 2019);

    3. *Sarr v. BEF Foods, Inc.*, No. 1:18-cv-06409 (E.D.N.Y.) (Dkt. 10, amended complaint of June 29, 2019).

- Donald C. Hunt of Stevens County, Washington:

    1. *Kennedy v. Mondelez Global LLC*, 1:19-cv-00302 (E.D.N.Y.) (Dkt. 14, amended complaint, July 3, 2019);

    2. *Harris v. Mondelez Global LLC*, 1:19-cv-2249-ERK (E.D.N.Y.), (Dkt. 6, amended complaint, June 14, 2019).

- Rachel Parks of Grayson County, Virginia:

    1. *Liou v. Nestle Dreyer's Ice Cream Co.*, No. 1:19-cv-05762-DLC (E.D.N.Y.), (Dkt. 1, complaint, June 20, 2019);

    2. *Harris v. Mondelez Global LLC*, 1:19-cv-2249-ERK (E.D.N.Y.), (Dkt.6, amended complaint, June 14, 2019);

    3. *Sibrian v. Cento Fine Foods, Inc.*, 2:19-cv-00974 (E.D.N.Y.) (Dkt. 14, amended complaint, July 5, 2019);

    4. *Kennedy v. Mondelez Global LLC*, 1:19-cv-00302 (E.D.N.Y.) (Dkt.14, amended complaint, July 3, 2019);

    5. *Sarr v. BEF Foods, Inc.*, No. 1:18-cv-06409 (E.D.N.Y.) (Dkt. 10, amended complaint of June 29, 2019).

- Theresa Andriulli of New Haven County, Connecticut:

1. *Liou v. Nestle Dreyer's Ice Cream Co.*, No. 1:19-cv-05762-DLC (E.D.N.Y.), (Dkt. 1, complaint, June 20, 2019);

2. *Harris v. Mondelez Global LLC*, 1:19-cv-2249-ERK (E.D.N.Y.), (Dkt. 6, amended complaint, June 14, 2019).

- Jennifer Stephens of Elmore County, Idaho:

1. *Liou v. Nestle Dreyer's Ice Cream Co.*, No. 1:19-cv-05762-DLC (E.D.N.Y.), (Dkt. 1, complaint, June 20, 2019);

2. *Watson v. Kellogg Co.*, 1:19-cv-01356 (S.D.N.Y.) (Dkt. 19, amended complaint, June 16, 2019);

3. *Harris v. Mondelez Global LLC*, 1:19-cv-2249-ERK (E.D.N.Y.), (Dkt. 6, amended complaint, June 14, 2019).

4. *Kennedy v. Mondelez Global LLC*, 1:19-cv-00302 (E.D.N.Y.) (Dkt.14, amended complaint, July 3, 2019);

5. *Sarr v. BEF Foods, Inc.*, No. 1:18-cv-06409 (E.D.N.Y.) (Dkt. 10, amended complaint of June 29, 2019).

This raises at least the possibility, if not the *prima facie* presumption, that Plaintiff's counsel have been recruiting aspiring professional plaintiffs from around the country for the sake of expanding the geographic scope of their class-action suits. The propriety of adding these plaintiffs to this action, and the adequacy of these individuals as representatives of both state and national classes in as many as six cases simultaneously, need not wait until class certification to be considered by this Court.

### IV. Plaintiff Has Already Had More than Enough Opportunities to Revise Her Legal Theory

Substantively, the original Complaint filed in this action already has been radically revised and expanded in terms of the Schwan's product lines it covers, the marketing and packaging elements it challenges, and the theories as to why those marketing and packaging elements are alleged to be deceptive. After a year and a half of litigation, Plaintiff is seeking to move the goalposts yet again, challenging visual depictions of pats of butter and the use of the

word "real" to describe the fruit in Schwan's product fillings. Plaintiff Miller never previously alleged that she was misled by these particular packaging elements; they seem to be new ideas that have occurred to Plaintiff or her counsel over the past several months. None of the proposed added named plaintiffs is alleged specifically to have been deceived by any of these newly challenged marketing and packaging elements, either.

It is within the Court's discretion to determine whether it is equitable for the plaintiff to be able to continue to revise its legal theories at this juncture. *See Freeman v. Rice,* 399 F. App'x 540, 544 n.5 (11th Cir. 2010) (affirming district court's denial of plaintiff's motion to amend second amended complaint because plaintiff did not provide any justification for failing to include his new legal theories earlier in the case); *Tuyen Phan v. Accredited Home Lenders Holding Co.*, No. 3:09-cv-328-J-32TEM, 2010 U.S. Dist. LEXIS 30057, at *26-27 (M.D. Fla. Mar. 29, 2010) (denying leave to file second amended complaint because plaintiff proposed adding new plaintiffs and legal theories, but the underlying substance of the allegations had not changed, and also sanctioning the unwarranted expenditure of judicial resources). At some point, Plaintiff must be pinned down to a fixed legal theory that can serve as the basis for discovery and for the definition of the classes Plaintiff proposes to certify. Schwan's believes that time has now passed.

## CONCLUSION

For the foregoing reasons, Schwan's respectfully requests that this Court deny Plaintiff's motion to amend the Amended Complaint.

Respectfully submitted,

*/s/ August Horvath*
August T. Horvath
*(admitted pro hac vice)*
*ahorvath@foleyhoag.com*
FOLEY HOAG LLP
1301 Ave. of the Americas, 25th Floor
New York, New York 10019
Tel: (646) 927-5500
Fax (646) 927-5599

-and-

Michele Leo Hintson
*mhintson@shumaker.com*
SHUMAKER LOOP & KENDRICK, LLP
Bank of America Plaza, Suite 2800
101 East Kennedy Blvd.
Tampa, FL 33602
*Attorneys for Defendant Schwan's Consumer Brands, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 22, 2019, a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Michele Leo Hintson*
Michele Leo Hintson