# Exhibit 1

```
 1  UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
 2  -------------------------------x
    SHATEQUA LEGUETTE, et al
 3              PLAINTIFFS            17 CV 7599(JBW)

 4  versus                            U. S. Courthouse
                                      225 Cadman Plaza East
 5  SCHWAN'S COMPANY, et al,          Brooklyn, New York
                                      January 30, 2019
 6              DEFENDANTS.           10:00 a. m.
    -------------------------------x
 7

 8          TRANSCRIPT OF CIVIL CAUSE FOR MOTION HEARINGL
               BEFORE THE HONORABLE JACK WEINSTEIN
 9                UNITED STATES DISTRICT JUDGE

10                       APPEARANCES

11  Attorney for Plaintiff:

12  SHEEHAN & ASSOCIATES, PC
    505 Northern Boulevard, Suite 311
13  Great Neck, New York 11021
    BY:  SPENCER SHEEHAN, ESQ.
14

15  Attorneys for Defendants:

16  FOLEY HOAG, LLP
    1540 Broadway, 23rd Floor
17  New York, New York 10036
    BY:  AUGUST HORVATH, ESQ.
18       MITAL PATEL, ESQ.

19  ALSO PRESENT:       SHATEQUA LEGUETTE

20                      JENNIFER HOLMBERG

21  Court Reporter:
    LISA SCHMID, CCR, RMR
22  Official Court Reporter
    225 Cadman Plaza East
23  Brooklyn, New York 11201
    Phone: 718-613-2644 Fax:  718-613-2379
24
    Proceedings recorded by mechanical stenography.  Transcript
25  produced by computer-aided transcription.
```

```
 1              THE CLERK:  Civil Cause for Motion, Leguette versus
 2   Schwan's Company, et al.
 3              Counsel, note your appearances, please, for the
 4   plaintiff.
 5              MR. SHEEHAN:  Spencer Sheehan, Sheehan and
 6   Associates, PC, 505 Northern Boulevard, Suite 311, Great Neck,
 7   New York, 11021.  Good morning, Your Honor.
 8              THE CLERK:  For the defendant?
 9              THE COURT:  Do I know you or your law firm?  I live
10   in Great Neck.  I used to, when I was younger, sleep there
11   from time to time.
12              MR. SHEEHAN:  Your Honor, I must disclose that I do
13   not know you, but I have seen you and you're a member of the
14   same congregation I am.
15              THE COURT:  Oh, okay.
16              Any objection?
17              MR. HORVATH:  No, Your Honor.
18              Okay.  For the defendants, August Horvath and my
19   associate, Mital Patel from the firm of Foley Hoag, in New
20   York, 1540 Broadway.
21              THE COURT:  Why don't you move over?
22              MR. HORVATH:  Sure.
23              THE COURT:  And are you associated with this case,
24   madam?
25              MR. HORVATH:  Your Honor, yes.  We have brought
```

```
 1              THE COURT:  And what other states besides New York,
 2   Queens, do you buy pies in?
 3              MS. HOLMBERG:  Oh, well.  I really don't travel that
 4   much, so I'm from here, so here.
 5              THE COURT:  But if you want another pie, you would
 6   buy it, I take it, in New York city some place?
 7              MS. LEGUETTE:  (Nods head affirmatively.)
 8              THE COURT:  Maybe in Queens?  Queens, that's where
 9   you live?
10              MS. LEGUETTE:  I live in Queens, yes.
11              THE COURT:  Well, I am inclined to do two things.
12   One, find that this is not an adequate person to represent the
13   class in the United States, and in any event, in view of the
14   differences in law, I'm not sure that it's an adequate
15   representation that I can deal with, when I know from other
16   cases, you'll find that the law is different in many of the
17   states.  So, I'm inclined to sever the Florida representation.
18              You ever buy a pie in Florida?
19              MS. LEGUETTE:  No.
20              THE COURT:  Sever the Florida case, and send it
21   down.
22              You have a different representation for Florida,
23   don't you?
24              MR. SHEEHAN:  Yes, Your Honor.  The plaintiff
25   representative, Ms. Miller, who lives in Florida,
```

```
 1  St. Petersburg, and who I contacted after the most recent
 2  docket order, informed me that due to her husband's recent
 3  release from the hospital and her intense fear and dislike of
 4  flying, she would not be able to be here this week.
 5           THE COURT:  But she still wants to represent --
 6           MR. SHEEHAN:  Oh, yes, sir.
 7           THE COURT:  -- Florida?
 8           MR. SHEEHAN:  Absolutely.  And I told her I would
 9  convey her sentiments to me, and I would pass that along to
10  the Court, and I can bring her on the phone, and --
11           THE COURT:  She lives in Florida?
12           MR. SHEEHAN:  Yes, sir.
13           THE COURT:  And if she bought pies, it's likely to
14  be in Florida?
15           MR. SHEEHAN:  That's the only place.
16           THE COURT:  Because of her flying problem, fear of
17  flying?
18           MR. SHEEHAN:  I don't know how she got to Florida.
19           THE COURT:  Fear of lying --
20           MR. SHEEHAN:  So she says.
21           THE COURT:  -- that has nothing to do with fear of
22  flying.
23           Well, I'm going to dismiss the representation of the
24  United States by this one plaintiff.  She simply can't do it.
25  She's a local lady from Queens -- and neither can the
```

```
 1  representative from Florida represent all those in the other
 2  48 states.
 3          But with respect to Florida, I will permit you, if
 4  this is what you want to do, to sever the Florida case and
 5  transfer it to Florida.  But I think that's going to cause
 6  both parties a good deal of legal problems.
 7          You don't have a representative in Florida to handle
 8  this kind of case, do you?
 9          MR. HORVATH:  No, Your Honor, but we can probably
10  manage somehow.
11          THE COURT:  I understand.
12          Well, anyway, that's what I'll do.
13          Do you have any objection to those two?
14          MR. HORVATH:  No, Your Honor.  We don't.
15          THE COURT:  Do you object?
16          MR. SHEEHAN:  I don't quite understand the reason
17  for severing, but of course, you know, we accept Your Honor's
18  decision.
19          THE COURT:  All right.  The Florida case is severed.
20  You'll file a new complaint, putting everything on Florida in
21  one set of papers, and then submit an order transferring the
22  case as indicated by the new pleadings separated from the old
23  pleadings, and transferring it to Florida.
24          What district in Florida?  Do you know?
25          MR. SHEEHAN:  I am not certain, but I believe
```

```
 1  it's -- St. Petersburg is like the central middle -- or no,
 2  maybe it's on the upper right.
 3             THE COURT:  Check on it.
 4             MR. SHEEHAN:  Yes.
 5             THE COURT:  Do you object to that order?
 6             MR. SHEEHAN:  I don't object, Your Honor.  I just
 7  wonder if it would be the best use of, you know, the
 8  plaintiff's resources, having to prosecute two separate cases,
 9  as opposed to, you know, the Florida --
10             THE COURT:  It's a different plaintiff.
11             MR. SHEEHAN:  Yes.  Yes, it is, but it would
12  required retaining counsel in Florida, you know, because I am
13  not licensed to practice law in Florida.  And that would
14  probably come with a lot of complications and inefficiencies
15  that's might make it more challenging to continue on --
16             THE COURT:  Yes.
17             MR. SHEEHAN:  -- in that regard.
18             THE COURT:  Plus Florida law is not precisely like
19  the New York law, is it?
20             MR. SHEEHAN:  There are some differences, of course,
21  yes.
22             THE COURT:  Yes.  All right.  I'll issue an order,
23  as follows:  The case is dismissed as a class action
24  representing consumers throughout the United States, except in
25  New York and Florida.
```

```
 1                As to Florida representation, plaintiff, if he
 2   wishes to go forward with the Florida aspect of the case, will
 3   provide a separate set of papers for the Florida case, inform
 4   the Court that it's here and I will direct the court clerk to
 5   send it to -- transfer the case, as so narrow, to Florida.  So
 6   that leaves us only with a New York case, right?
 7                And that's satisfactory to you for the time being?
 8                MR. HORVATH:  Yes.  Yes, that's fine.  I mean, I
 9   would prefer to get rid of the case on the merits, obviously,
10   but --
11                THE COURT:  Well, I can't allow the case to go
12   forward on this representation.
13                Whether you want to continue with it is up to you.
14                From prior cases, I know that the law is so
15   different in many states on the issue such as posed here, that
16   it's unlikely to be handled satisfactory in one class --
17   national class action, particularly in light of the fact that
18   the pies sell retail for under $6.  So we'll issue an order to
19   that effect.
20                Now, with respect to the New York part of the case,
21   there is really nothing I can do until discovery is completed
22   on class action and on the main case, which is one plaintiff,
23   one pie, bought by the plaintiff who is not satisfied that the
24   labeling on the box adequately reflects the butter in the pie,
25   crust, right?
```